**NAN CHING ZHANG, also known as Nan Qing Zhang, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General,[1] Respondent.**

**No. 07–3450–ag.**

United States Court of Appeals, Second Circuit.

March 28, 2008.

Gary J. Yerman, New York, NY, for Petitioner.

Jeffrey Bucholtz, Acting Assistant Attorney General, Civil Division; Jeffrey Bernstein, Senior Litigation Counsel; Sunah Lee, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. CHESTER J. STRAUB, Hon. B.D. PARKER and Hon. RICHARD C. WESLEY, Circuit Judges.

### *SUMMARY ORDER*

Petitioner Nan Ching Zhang, a native and citizen of the People's Republic of China, seeks review of a July 27, 2007 order of the BIA denying his motion to reopen deportation proceedings. *In re Nan Ching Zhang a.k.a. Nan Qing Zhang,* No. A 78 282 661 (B.I.A. July 27, 2007). We assume the parties' familiarity with the

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as the respondent in this case.

underlying facts and procedural history in this case.

When the BIA denies a motion to reopen, this Court reviews the BIA's decision for an abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir.2005). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted).

Here, the BIA accurately noted that it had dismissed Zhang's appeal from an IJ's decision in 2004, and that Zhang did not file his second motion to reopen until 2007. Because Zhang filed that second motion well beyond the ninety-day filing deadline, the BIA properly found that it was both untimely and in excess of the numerical limitation for the filing of such motions. 8 C.F.R § 1003.2(c)(2).

■ In addition, the BIA properly found that Zhang failed to establish that he qualified for an exception to the time and numerical limitations for motions to reopen. To the extent that Zhang argues that the family planning policy will now apply to him in a manner in which it did not apply before he fathered two children in the United States, and that such a difference amounts to a change in country conditions, this argument is unavailing. Merely reframing his change in personal circumstances as a change in country conditions in China does not bring Zhang's motion within the exceptions for the time and numerical limitations for motions to reopen. *See Li Yong Zheng v. U.S. Dep't of Justice,* 416 F.3d 129, 130–31 (2d Cir. 2005).

■ Further, the BIA appropriately found that the country conditions evidence proffered by Zhang did not demonstrate a "material change in country conditions."[2] Zhang submitted in support of his motion, *inter alia,* a statement from the Administrative Office of the National Population and Family Planning Committee concerning the Population and Family Planning Regulations of Fujian Province, dated March 2006, indicating that a Chinese national by the name of "Zheng, Yu Ye," who had children born abroad could be subjected to the family planning laws, and that those births could be considered "illegal." Zhang also submitted a propaganda document from Chang Le City, Fujian Province, which states, "One child, IUD insertion; two children; sterilization," as well as his own affidavit asserting that villagers in his hometown had been forced to undergo sterilization after having a second child or pregnancy. He further presented excerpts from the State Department Country Reports from 2004 and 2005, stating that the Chinese government restricted the rights of families to choose the number of children they have, that those who violate the family planning policy were subjected to disciplinary measures, and that there were reports of forcible abortion and steri-

---

2. In contrast to this Court's decision in *Shou Yung Guo v. Gonzales,* 463 F.3d 109 (2d Cir. 2006), there is no indication that the BIA failed to consider the documents Zhang submitted in support of his motion to reopen. *Id.* at 115. Indeed, the BIA was not required to address specifically each of Zhang's documents when the record does not "compellingly suggest" that it did not "take into account all of the evidence before [it]." *Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 337, n. 17 (2d Cir.2006). *But see Zhi Yun Gao v. Mukasey,* 508 F.3d 86, 88 (2d Cir.2007) (remanding where the BIA's decision did not indicate that it paid any attention to documents "quite similar" to the *Shou Yung Guo* documents).

lization procedures, the "most egregious" of which occurred in Shandong Province. In light of those documents, the BIA properly found that Zhang's background materials reflected "continuing enforcement of China's population control policy, not a material change in country conditions." Thus, the BIA appropriately determined that the evidence submitted by Zhang failed to bring his case within an exception to the time and numerical limitations for motions to reopen. *See* 8 C.F.R. § 1003.2(c)(2).

Moreover, even assuming that the birth of Zhang's second child in the United States amounted to a violation of the family planning policy in his area of residence in China, the BIA properly found that Zhang had not persuasively shown that he would be forced to undergo sterilization. Zhang submitted, in support of his claim that he would be forcibly sterilized his own affidavit, to which the BIA appropriately gave very little weight, and other documents, none of which demonstrated that a policy of forced sterilization exists in Zhang's home province of Zhejiang. *See Matter of S–Y–G*, 24 I. & N. Dec. 247, 258 (BIA 2007) (finding that documents not specifically related to the applicant or to her province were not material to her claim and did not meet the threshold for reopening). Zhang's claim that he would be forcibly sterilized if returned to China is simply too speculative. *See Jian Wen Wang v. BCIS*, 437 F.3d 276, 278 (2d Cir. 2006).

Lastly, as the Government correctly asserts, Zhang fails to raise in his brief to this Court any argument that he is entitled to file a successive asylum application, or that the BIA erred in declining to reopen his proceedings *sua sponte*. We therefore deem any such claims waived. *See Yueq-*

*ing Zhang v. Gonzales*, 426 F.3d 540, 545 n. 7 (2d Cir.2005). Accordingly, the BIA's denial of Zhang's motion was not an abuse of discretion. *See Kaur*, 413 F.3d at 233.

For the foregoing reasons, the petition for review is DENIED. The pending motion for a stay of removal in this petition is DISMISSED as moot.